# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| E.D., LISA DUELL, MICHAEL DUELL, and NOBLESVILLE STUDENTS FOR LIFE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| NOBLESVILLE SCHOOL DISTRICT, NOBLESVILLE HIGH SCHOOL, BETH NIEDERMEYER, CRAIG MCCAFFREY, JANAE MOBLEY, DANIEL SWAFFORD, JEREMY LUNA, ALEXANDRA SNIDER PASKO, ALISON ROOTES, ALLISON SCHWINGENDORF-HALEY, BYRON SIMPSON, ELIZABETH KIZER, EMILY PATTERSON-JACKSON, GRACE TUESCA, and STEPHANIE EADS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 1:21-cv-03075-SEB-MPB

## ENTRY ON MOTION FOR CHANGE OF JUDGE

This matter is before the Court on a Motion for Change of Judge filed pursuant to 28 U.S.C. §§ 144, 455 by Plaintiff E.D. ("Plaintiff") (Filing No. 35). Plaintiff asserts that Judge Sarah Evans Barker ("the presiding judge") holds personal bias and prejudice, and her impartiality may be fairly questioned, which will prohibit Plaintiff from receiving a fair and impartial trial in this matter. Based on this assertion, Plaintiff requests a change of judge so that a different judge will preside over this matter. Pursuant to 28 U.S.C. § 137, the presiding judge requested that the Chief Judge either review the Motion and rule upon it or reassign the Motion to another judicial officer (Filing No. 37). The Chief Judge reassigns the Motion to herself and now rules upon it. For the reasons stated below, the Court **DENIES** the Motion for Change of Judge and remands this matter to the presiding judge.

## I. BACKGROUND

On December 21, 2021, Plaintiff initiated this lawsuit by filing a Complaint against Defendants Noblesville School District, Noblesville High School, Superintendent Beth Niedermeyer, Craig McCaffrey, Janae Mobley, Daniel Swafford, Jeremy Luna, Alexandra Snider Pasko, Alison Rootes, Allison Schwingdendorf-Haley, Byron Simpson, Elizabeth Kizer, Emily Patterson Jackson, Grace Tuesca, and Stephanie Eads (collectively, "Defendants") (Filing No. 1). Plaintiff alleges that she initially received approval from school administration to organize and create Noblesville Students for Life, a pro-life student club at Noblesville High School. However, the approval was later revoked. Plaintiff alleges the actions of Defendants regarding her attempts to create and maintain a pro-life student club at Noblesville High School have interfered with her rights secured by the First and Fourteenth Amendments to the United States Constitution. She seeks damages and injunctive and declaratory relief to vindicate and safeguard her First and Fourteenth Amendment rights. Plaintiff also brings other related federal and state law claims against the Defendants.

This case was randomly assigned to Judge Sarah Evans Barker. Nine days after filing her Complaint, on December 30, 2021, Plaintiff moved for change of judge, asserting that she "cannot obtain a fair and impartial trial before this judge because of the personal bias and prejudice of the Honorable Sarah Evans Barker and her impartiality may fairly be questioned." (Filing No. 35 at 1.) Plaintiff also filed an affidavit and "certificate of good faith" from Plaintiff's counsel in support of the Motion (Filing No. 35-1). The Defendants have not filed a response to the Motion for Change of Judge.

## II. LEGAL STANDARDS

Whenever a party to any proceeding in a district court makes and files a
timely and sufficient affidavit that the judge before whom the matter is pending has

> a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

"Under § 144, recusal is mandatory if the moving papers are sufficient. That makes the statute a powerful tool that could easily be abused, so its requirements are enforced strictly." *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017) (internal citations omitted). "[The] district court can deny a motion for recusal under § 144 if the moving party fails to satisfy the statute's strict procedural demands." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

Regarding disqualification on the basis of actual bias, 28 U.S.C. § 455(b) directs that any judge shall

> disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party . . . [or] (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455(b). An appearance of bias is addressed in 28 U.S.C. § 455(a), which states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.

*In re Mason*, 916 F.2d 384, 385–86 (7th Cir. 1990) (citations omitted).

3

The Seventh Circuit has explained,

> [W]e have required recusal whenever there is a reasonable basis for a finding of an appearance of partiality under the facts and circumstances of the case. . . . Of course, needless recusals exact a significant toll; judges therefore should exercise care in determining whether recusal is necessary, especially when proceedings already are underway. [A] change of umpire mid-contest may require a great deal of work to be re-done . . . and facilitate judge-shopping.

*In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) (citations and quotation marks omitted).

The Seventh Circuit further noted,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile, to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . [T]hey *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . [E]xpressions of impatience, dissatisfaction, annoyance, and even anger, do not establish bias or partiality.

*Id.* at 311–12 (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

When considering the disqualification of a judge, bias, prejudice, and partiality are viewed from the perspective of a reasonable, well-informed, objective observer. *Barr*, 960 F.3d at 919. "Judicial rulings alone are almost never a valid basis for a recusal motion." *Id.* at 920. "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." *Liteky*, 510 U.S. at 551.

### III.   DISCUSSION

Plaintiff asserts,

> This case involves a high school student who was denied her right to form a pro-life group at her high school. Just as the administration at Noblesville High School was unable to divorce their personal prejudice about the abortion issue from the Plaintiffs right to Freedom of Speech and Association under the First Amendment, Judge Evans Barker has been unable to divorce her personal views about abortion from her judicial decisions. A judge who is clearly averse to pro-life positions should not be assigned to this case as it would impermissibly prejudice

4

> Plaintiffs. Judge Evans Barker should be disqualified, or recuse herself, from this case because of her bias towards abortion and pro-life persons and because her impartiality could be questioned.

(Filing No. 35 at 3.)

Plaintiff argues that the § 144 affidavit filed by Plaintiff's counsel shows that an objective, well-informed observer could have "significant doubt that justice would be done in the case at hand." *Id.* at 4. Plaintiff conclusorily states, "The affidavit is sufficient; recusal is thus mandatory under 28 U.S.C. § 144." *Id.*

In support of her argument that the presiding judge has a clear bias against pro-life litigants, Plaintiff asserts the following:

> Almost all recent cases that have been filed in the Southern District of Indiana that mention pro-life issues in the fact pattern have been assigned to Judge Evans Barker, despite the Chief Judge's order (Exhibit B) that cases should be assigned to judges randomly.
>
> Judge Evans Barker has consistently ruled against pro-life litigants.
>
> Judge Evans Barker is on the board of Indiana University Health and Methodist Hospital, which provide abortions in Indiana.
>
> Judge Evans Barker has recently used extrajudicial reasoning to decide a case in favor of a pro-abortion group. *See Whole Woman's Health Alliance v. Rokita*, 2021 WL 3508211. The presiding judge made comments about the presence of pro-life protesters outside of abortion clinics intimidating doctors and that those doctors fear that those protestors might attack them.

(Filing No. 35 at 4.)  Plaintiff then contends that in the *Whole Woman's Health* proceedings, the presiding judge ruled inconsistently as to expert witnesses. When medical experts were testifying, the presiding judge permitted counsel for Whole Woman's Health to impeach pro-life witnesses because of their pro-life associations. However, she refused to allow impeachment of the Whole Woman's Health experts because of their pro-abortion affiliations. Plaintiff contends that this instance is highlighted by the fact that a pro-abortion doctor was cited six times more than a pro-

life doctor. And when the pro-life doctor is cited, comments are made to undermine the pro-life doctor's professional opinion.

Plaintiff argues that the presiding judge has personal bias or prejudice against pro-life plaintiffs, which is shown by her "inequitable rulings in cases like *Whole Woman's Health*." (Filing No. 35 at 5.) She contends that "[t]his bias is grounded in some form of personal animus that Judge Evans Barker harbors against pro-life persons," and "her frustrations originate from an extrajudicial source by virtue of her involvement with hospitals that perform abortions." *Id.* at 6. Plaintiff argues that a reasonable observer of the fact that the presiding judge supports hospitals that perform abortion and her decisions in other abortion cases would question her impartiality as to cases involving abortion.

Additionally, Plaintiff asserts,

> under 28 U.S.C. § 455(b), Judge Evans Barker should be disqualified because of her previous work with former U.S. Senator Charles H. Pearcy, who was a proponent of abortion and advocated against pro-life issues. Aff. ¶ 3o. This position with Senator Pearcy would have permitted her to counsel, or serve as an advisor, while he was in office. Therefore, because of Judge Evans Barker's pervious [sic] employment with Senator Pearcy, Judge Evans Barker should disqualify herself under 28 U.S.C. § 455(b).

*Id.*

In the Order on Motion for Change of Judge, wherein the presiding judge referred the Motion to the Chief Judge for reassignment, the presiding judge explained,

> The undersigned judge expressly denies Plaintiff's counsel's assertion that she harbors a personal bias and prejudice respecting the issues presented in this litigation or towards Plaintiff or Plaintiff's counsel. In addition, the undersigned judge avers that certain factual allegations contained in the motion as a predicate for the relief sought are inaccurate or untrue, but that such factual errors are immaterial to a resolution of the motion.

(Filing No. 37 at 1.)

The Court begins by addressing Plaintiff's request for change of judge pursuant to 28 U.S.C. § 144. As previously noted, the Seventh Circuit has unequivocally explained that § 144 is a powerful tool that could easily be abused, so its requirements are enforced strictly, and district courts can deny a motion for recusal under § 144 if the moving party fails to satisfy the statute's strict procedural demands. *See Betts-Gaston*, 860 F.3d at 537; *Barr*, 960 F.3d at 919.

Section 144 requires an affidavit from a party averring that the judge has a personal bias or prejudice either against her or in favor of any adverse party, and the party's affidavit must be accompanied by a certificate of good faith from counsel of record. In this case, Plaintiff has submitted an affidavit from Plaintiff's counsel, not from Plaintiff, and the affidavit claims bias or prejudice against a class of potential parties (pro-life persons) rather than bias or prejudice against Plaintiff or in favor of any of the Defendants in this action. Because the requirements of § 144 must be strictly enforced, and Plaintiff has failed to strictly adhere to those requirements, Plaintiff cannot obtain a change of judge on the basis of § 144. This is consistent with the Seventh Circuit's decision in *Betts-Gaston*, 860 F.3d at 537 ("The district court denied recusal under § 144 for several reasons. First, there was no affidavit from Betts-Gaston herself, the 'party' who must file an affidavit under the statute. That reason for denial was correct. We and other circuits have held that an affidavit from an attorney alleging bias is not sufficient.").

Turning to 28 U.S.C. § 455(b), which concerns disqualification on the basis of actual bias, Plaintiff has argued that the presiding judge should be disqualified because she has a personal bias or prejudice against pro-life litigants, and at one point she worked for U.S. Senator Charles H. Pearcy who was a proponent of abortion. Under § 455(b), compelling evidence must show that the judge has a personal bias or prejudice against the party, which "must be grounded in some form of personal animus that the judge harbors against the litigant." *Barr*, 960 F.3d at 920. And "judicial

7

rulings alone are almost never a valid basis for a recusal motion." *Id.* (citing *Liteky*, 510 U.S. at 555.) In this case, Plaintiff has not presented compelling evidence that the presiding judge has any personal animus, personal bias, or prejudice against Plaintiff. Instead, Plaintiff's counsel presents argument based upon his inference from the presiding judge's prior service on the board of hospitals that the she has bias or prejudice against a class of potential litigants who are pro-life. He also bases his argument on a series of judicial rulings, but those rulings do not show a bias or prejudice against Plaintiff in this case.

Additionally, while the presiding judge at one point worked for Senator Pearcy, § 455(b)(3) pertains to circumstances that are not present here. That provision concerns circumstances where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness *concerning the proceeding* or expressed an opinion concerning the merits of *the particular case in controversy*." 28 U.S.C. § 455(b)(3) (emphasis added). This simply does not apply in this case. Therefore, a change of judge pursuant to 28 U.S.C. § 455(b) is not warranted.

Finally, turning to 28 U.S.C. § 455(a), which concerns an appearance of bias, judges are disqualified when their impartiality might reasonably be questioned. This is viewed from the perspective of a reasonable, well-informed, thoughtful observer rather than a hypersensitive or unduly suspicious person. Disqualification is necessary if such a person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *See In re Mason*, 916 F.2d at 385–86.

Plaintiff has contended that "almost all recent cases" in this District involving abortion have been assigned to the presiding judge despite former Chief Judge Magnus-Stinson's Order that cases are assigned to judges randomly. Plaintiff contends that the presiding judge consistently rules

against pro-life litigants, language in her orders is unfavorable to pro-life positions, she inconsistently ruled as to expert witnesses, and she serves on the board of hospitals that perform abortions. Plaintiff argues that these facts could lead a person to reasonably question the presiding judge's impartiality in this case.

A search on LexisNexis reveals that in the Southern District of Indiana, since 2013, there have been nine cases involving abortion in which an order or opinion has been issued. Three of those cases (in 2017, 2018, and 2019) were randomly assigned to be handled by Judge Barker. Former Chief Judge Magnus-Stinson was assigned two of those cases (in 2013 and 2016). Chief Judge Pratt was assigned two of those cases (in 2016). Judge Young was assigned one of the cases (in 2018), and most recently, Judge Hanlon was assigned one of the cases (in 2021). A reasonable, well-informed, thoughtful observer could hardly conclude that almost all recent cases in this District involving abortion have been assigned to the presiding judge.

In his affidavit, Plaintiff's counsel asserts,

> Judge Evans Barker has consistently ruled against pro-life causes, most recently in *Whole Woman's Health Alliance v. Rokita*, 2021 WL 3508211. She ruled similarly against pro-life positions in **other proceedings**. *See also Whole Woman's Health Alliance v. Hill*, 388. F.Supp.3d 1010 . . . ; *Bernard v. Individual Members of the Indiana Medical Licensing Board*, 392 F.Supp.3d. 935 . . . ; *Planned Parenthood of Indiana and Kentucky, Inc. v. Commission, Indiana State Department of Health*, 258 F.Supp.3d 929 . . . .

(Filing No. 35-1 at 3 (emphasis added).)

However, Plaintiff's counsel's assertion is inaccurate in that *Whole Woman's Health Alliance v. Hill* is not an "other proceeding" separate from *Whole Woman's Health Alliance v. Rokita*. It is the same case, case number 1:18-cv-1904, and the other two cases identified are the two other cases handled by the presiding judge, which originated in 2017 and 2019. Plaintiff offers nothing but Plaintiff's counsel's own speculation that the presiding judge has ruled against pro-life

9

causes in three cases over the last five years because of personal bias or prejudice rather than on consistently applying her understanding of current precedent established by the Supreme Court and the Seventh Circuit.

Similarly, Plaintiff offers nothing but Plaintiff's counsel's own speculation that the presiding judge inconsistently ruled as to expert witnesses in *Whole Woman's Health* based upon the expert's pro-life or pro-abortion associations rather than on the Federal Rules of Evidence. The fact that the presiding judge served on the board of Indiana University Health and Methodist Hospital, which provide abortion services in addition to the countless other medical services provided, is too far attenuated from the issues in this case (freedom of speech and association relating to a pro-life high school club) to raise a reasonable question of impartiality. The Court determines that the matters raised by Plaintiff would not cause a reasonable, well-informed, thoughtful observer to perceive a significant risk that the presiding judge will resolve the case on a basis other than the merits. Thus, the presiding judge's impartiality cannot reasonably be questioned, and disqualification is not necessary.

## IV.   CONCLUSION

For the reasons discussed above, the Court concludes that there is no basis for a change of judge in this matter, and, therefore, Plaintiff's Motion for Change of Judge (Filing No. 35) is **DENIED**.

**SO ORDERED.**

Date:   1/7/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Zachary S. Kester
Charitable Allies
zkester@charitableallies.org

Natalie Elizabeth Collins
Charitable Allies
ncollins@charitableallies.org

Laura Kathleen Buckner
Charitable Allies
kbuckner@charitableallies.org

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM
lroberts@cchalaw.com