UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E.D., a minor, b/n/f MICHAEL DUELL as parent and next friend of E.D., LISA DUELL as parent and next friend of E.D., and NOBLESVILLE STUDENTS FOR LIFE,<br><br>*Plaintiffs,*<br><br>v.<br><br>NOBLESVILLE SCHOOL DISTRICT, NOBLESVILLE HIGH SCHOOL, SUPERINTENDENT BETH NIEDERMEYER, CRAIG MCCAFFREY, JANAE MOBLEY, DANIEL SWAFFORD, JEREMY LUNA, ALEXANDRA SNIDER PASKO, ALISON ROOTES, ALLISON SCHWINGENDORF-HALEY, BYRON SIMPSON, ELIZABETH KIZER, EMILY PATTERSON-JACKSON, GRACE TUESCA, and STEPHANIE EADS,<br><br>*Defendants.* | CAUSE NO.: 1:21-cv-03075-SEB-MPB |

ORDER ON AMENDED
CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

    **A.    Plaintiff Parties**

        a. E.D.
        b. Lisa Duell
        c. Michael Duell
        d. Noblesville Students for Life ('NSFL")

    **B.    Defendant Parties**

        a. Noblesville School District ("NSD")
        b. Noblesville High School ("NHS")

      c. Beth Niedermeyer
      d. Craig McCaffrey
      e. Janae Mobley
      f. Daniel Swafford
      g. Jeremy Luna
      h. Alexandra Snider Pasko
      i. Alison Rootes
      j. Allison Schwingendorf-Haley
      k. Elizabeth Kizer
      l. Emily Patterson-Jackson
      m. Grace Tuesca
      n. Stephanie Eads

**C.**     **Plaintiff Representatives**

    a. Zachary S. Kester
        Charitable Allies, Inc.
        Address: 9100 Purdue Rd. Suite 115, Indianapolis, IN 46268
        Telephone: (463) 229-0229
        Facsimile: (317) 203-0892
        Email: zkester@charitableallies.org
    b. L. Katie Buckner
        Charitable Allies, Inc.
        Address: 9100 Purdue Rd. Suite 115, Indianapolis, IN 46268
        Telephone: (463) 229-0229
        Facsimile: (317) 203-0892
        Email: lbuckner@charitableallies.org
    c. Spencer E. Rehn
        Charitable Allies, Inc.
        Address: 9100 Purdue Road, Suite 115, Indianapolis, IN 46268
        Telephone: (463) 229-0229
        Facsimile: (317) 203-0892
        srehn@charitableallies.org

**D.**     **Defendants Representatives**

    a. Liberty Roberts
        Church Church Hittle + Antrim
        Address: Two North Ninth Street, Noblesville, IN 46060
        Telephone: (317) 773-2190
        Facsimile: (317) 572-1609
        Email: lroberts@cchalaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

   A. This Court has subject matter jurisdiction regarding the claims alleged in the Amended Complaint. This action raises federal questions under the First and Fourteenth Amendment to the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, and 1988. These claims give this Court subject matter jurisdiction over the case at hand under 28 U.S.C. § 1331.

   B. **Plaintiffs' Synopsis:**
   Plaintiffs initiated this lawsuit after NHS revoked NSFL from being an approved student club and various persons violated Plaintiff E.D.'s privacy, defamed her, and harassed her. Plaintiff E.D. began organizing and creating NSFL before the 2021-2022 school year. She spoke with her academic counselor about how to set up a club and secured a teach sponsor in July 2021. The first week of August 2021, E.D. met with Principal McCaffrey, as required by students starting new clubs. While E.D.'s mother sat in on the meeting, Dr. McCaffrey acknowledges that E.D. did the talking and articulated her plans for the club. After the meeting, McCaffrey told E.D. that her club would be approved once she filled out a club form and the administration confirmed the teacher sponsor. Both qualifications were quickly met and NSFL was formed. E.D. participated in a student interest fair where she recruited over thirty students with interest in NSFL. To engage the new recruits, E.D. sought to schedule a call-out meeting. E.D. and her teacher sponsor selected September 6, 2021 and E.D. created flyers to post at NHS to advertise the NSFL call-out meeting. NHS never provided E.D. with authorization to hang her flyer. Nor did NHS clearly state the rules about student flyers that E.D. had requested on numerous occasions. Instead, after repeatedly ignoring emails from E.D. and providing confusing and inconsistent advice, NHS revoked the club's status as a student interest club at NHS. Not only did NHS violate E.D.'s constitutional right to have a pro-life club and post flyers with the same rules and restrictions as other student clubs at NHS, but the school failed to notify E.D. of the revocation. They only emailed E.D.'s mother. This revocation was made without an investigation or warning to E.D. After the revocation, Dr. McCaffrey published defamatory statements and E.D.'s private information to the community and emailed similar defamatory statements to all parents of NHS students. Multiple teachers with NSD harassed E.D. on social media and shared private information about the student in violation of federal law. Plaintiffs bring nineteen claims. Counts I through VI focus on Defendants' violations of Plaintiffs' Constitutional claims including First Amendment rights to Freedom of Speech, Freedom of Association, and Freedom from Retaliation; and Fourteenth Amendment Rights to Due Process and Equal Protection. These claims are based on the Defendant's revocation of Plaintiff's pro-life student group, Noblesville Students for Life. This revocation occurred because of vague and unclear rules at Noblesville High School. Equal Access Act violations are in Count VII. Claims regarding bullying, harassment, defamation, intimidation, and intentional infliction of emotional distress are listed in Counts VIII through XVI. These claims come from comments on social media made by teachers and other staffers

of Noblesville School District. Privacy violations are outlined in Counts XV through XVII, including FERPA violations that arose because of disclosure of E.D.'s name. Finally, Plaintiffs made Indiana Constitutional claims, which provides from broader free speech protections, in Count XIX.

    C.    **Defendants' Synopsis:**

This lawsuit involves the status and establishment of Noblesville Students for Life ("NSFL") Club, a pro-life student-interest club, at Noblesville High School. Plaintiff E.D. requested permission to start NSFL, and the club was approved on August 5, 2021. NSFL and E.D. participated in the School's club fair and gave out flyers and cards with information about NSFL and its pro-life mission. E.D. exchanged emails with the club sponsor asking questions about next steps and was given direction and responses, and she met with the Assistant Principal over clubs to discuss flyers and off-campus events. On August 31, 2021, E.D. sent the Assistant Principal flyers she wanted to hang on the school walls. The flyers were denied, and E.D. was instructed what to change. On September 2, 2021, E.D. responded to the instructions provided by stating, "Sounds good, thanks! I'll get to work on making the flyers." Things were going smoothly until the next morning, when instead of changing the flyers E.D. and her mom went to the school office to speak with a different administrator, who was a colleague, not a supervisor, of the first administrator who denied the use of the original flyer. E.D. showed the second administrator the original flyer. She had made no revisions to the flyer, and she did not tell the second administrator that another administrator had denied the flyer. E.D.'s mom actively participated in the discussion and appeared to take an active role in the establishment and advertising related to the club. Principal McCaffrey became concerned the NSFL was not a student-led club that was driven and directed by a student, and he was concerned that the club was ignoring directions of one administrator and seeking to get a different response from a colleague-administrator. Because of that concern, Principal McCaffrey removed approval of the club for the semester. There was public discussion of the removal of the club's status and many in the community, including teachers and staff engaged in the public debate on social media. Defendants assert that none of the comments made by the named defendants were defamatory and none violated privacy laws. Defendants assert that none of Plaintiffs' 19 legal theories or 33 claims for damages or relief are proper under the law.

**III.**    <u>**Pretrial Pleadings and Disclosures**</u>

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 21, 2022**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 28, 2022**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **May 5, 2022**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 20, 2022**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **30 Days after receipt of all discovery responses**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within **30 days** after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mpb_settlement@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 21, 2023**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 19, 2023**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **May 19, 2023**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 2, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 23, 2023**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

1. <u>No ESI Supplement Required</u>. Based on initial discussions, neither party is seeking a substantial volume of ESI, so the parties have not completed the ESI Supplement to the Report of the Parties' Planning Meeting.

2. <u>Production of ESI</u>. The parties anticipate that email-related ESI will be requested as well as audio, video, photographs, and documentation related to records, policies, and procedures. No other substantial ESI is known or expected at this time. Emails and all email attachments may be produced in PDF format, unless specifically requested in their native format. Any audio or video files must be submitted in MP4, MOV, or AVI format with all metadata included. If the audio and video files are not available one of those formats, counsel shall convene a Rule 37 discovery conference by phone or video call to discuss the format in which each file may be produced. All digital photographs shall be produced in HEIC or JPEG format, with all metadata included. All ESI may be produced either on a thumb drive or via a shared file link. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection, and agree to provide a privilege log properly identifying any item withheld.

3. <u>Cost and Burden of Producing ESI</u>. The parties will seek to employ measures to reasonably limit the burden and costs of ESI discovery on the parties. It is the parties' intent to discuss cost-shifting or cost-saving measures that may be needed in this matter with each ESI discovery request. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) The producing party bears the costs of searching for, assembling, reviewing, and producing the responses to the requests; (2) Any extraordinary costs may be allocated to the requesting party, but only after a Rule 37 conference wherein the parties discuss measures to appropriately and reasonably limit the costs incurred responding to the requests; and (3) To the extent that a party requests to examine an electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

4. <u>Search Protocol:</u> Request for email related ESI shall include specific search terms to be applied, the identity of the account-custodians whose emails are to be searched, and the specific date range for each such search. The parties'

    intent is to discuss and agree upon reasonable search parameters to ensure that discovery is conducted as efficiently as possible.

  5. <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

  6. <u>Claw Back Provision</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

  7. <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

## IV. <u>Discovery[1] and Dispositive Motions</u>

  A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Yes.

Defendants anticipate filing a motion for summary judgment. The Amended Complaint alleges 19 legal theories, most of which are not supported by the controlling law as applied to the undisputed facts. The conduct at issue is not a violation of any constitutional right or federally protected right. Many legal claims asserted do not provide a private cause of action for Plaintiffs, while many others are not supported by state law or are subject to the application of tort immunity or qualified immunity.

Plaintiffs anticipate filing a motion for summary judgment arguing that Plaintiffs are entitled to judgment as to the Constitutional claims, privacy claims, and bullying and defamation claims.

B. On or before **February 27, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Dispositive motions are expected and shall be filed according to the following briefing schedule: Plaintiff's dispositive motion shall be filed by May 2, 2023. Defendants' motion and response shall be filed by June 2, 2023; Plaintiffs' response and reply shall be filed by July 3, 2023; Defendants reply shall be filed by July 17, 2023. Non-expert witness discovery and discovery relating to liability issues shall be completed by **February 20, 2023**; expert witness discovery and discovery relating to damages shall be completed by **July 21, 2023**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. A telephonic status conference has been scheduled for January 13, 2023 wherein the timing of a Settlement Conference will be addressed by the Court.**

VI. **<u>Trial Date</u>**

The Court has scheduled a trial date for **March 18, 2024**. The trial is by jury and is anticipated to take 4-5 days.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they will file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

A.    The parties anticipate filing cross motions for summary judgment but have not yet determined who will first file the motion. The parties agree to the following cross summary judgment schedule:

B. Either party may file a Motion for Summary Judgment not earlier than May 4, 2023, but not later than August 29, 2023.

C. The non-moving party has 28 days to file one brief constituting that party's response in opposition to the moving party's motion for summary judgment and its brief in support of its own motion for summary judgment. The brief shall not exceed 45 pages. If the Brief exceeds 35 pages, it must be submitted in compliance with Local Rule 7-1 (e)(3).

D. The original moving party than has 28 days to file one brief constituting its reply in support of its motion for summary judgment and a response in opposition to the opposing party's motion for summary judgment. The brief shall not exceed 45 pages. If the Brief exceeds 35 pages, it must be submitted in compliance with Local Rule 7-1 (e)(3).

E. The non-moving party shall have 14 days to file its reply in support of its motion for summary judgment.

| | |
|---|---|
| */s/ Spencer E. Rehn* | */s/ Liberty L. Roberts (with permission)* |
| Spencer E. Rehn | Liberty L. Roberts |
| One of the Attorneys for Plaintiffs | Attorney for Defendants |
| | |
| CHARITABLE ALLIES, INC. | CHURCH CHURCH HITTLE + ANTRIM |
| 9100 Purdue Road, Suite #115 | Two North Ninth Street |
| Indianapolis, IN 46268 | Noblesville, IN 46060 |
| Telephone: (463) 229-0229 | Telephone: (317) 773-2190 |
| Facsimile: (317) 203-0892 | Facsimile: (317) 773-5320 |
| srehn@charitableallies.org | lroberts@cchalaw.com |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | NON-EXPERT WITNESS DISCOVERY AND DISCOVERY RELATING TO LIABILITY ISSUES SHALL BE COMPLETED BY **FEBRUARY 20, 2023**; EXPERT WITNESS DISCOVERY AND DISCOVERY RELATING TO DAMAGES SHALL BE COMPLETED BY **JULY 21, 2023**. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
| X | DISPOSITIVE MOTIONS ARE EXPECTED AND SHALL BE FILED ACCORDING TO THE FOLLOWING BRIEFING SCHEDULE: PLAINTIFF'S DISPOSITIVE MOTION SHALL BE FILED BY **MAY 2, 2023**. DEFENDANTS' MOTION AND RESPONSE SHALL BE FILED BY **JUNE 2, 2023**; PLAINTIFFS' RESPONSE AND REPLY SHALL BE FILED BY **JULY 3, 2023**; DEFENDANTS REPLY SHALL BE FILED BY **JULY 17, 2023**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Dated: October 21, 2022

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF registered counsel of record.