UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E. D. a minor, b/n/f MICHAEL DUELL, <br> LISA DUELL as parent and next friend of E.D., <br> MICHAEL DUELL as parent and next friend of E.D., <br> NOBLESVILLE STUDENTS FOR LIFE, <br><br> Plaintiffs, <br><br> v. <br><br> NOBLESVILLE SCHOOL DISTRICT, et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:21-cv-03075-SEB-TAB <br> ) <br> ) <br> ) <br> ) |

**ORDER ON APRIL 26, 2023, TELEPHONIC STATUS CONFERENCE
AND PLAINTIFFS' MOTION TO COMPEL**

**I.     Introduction**

On April 26, 2023, the parties appeared by counsel for a telephonic status conference to address various matters, including a motion to compel Plaintiffs filed in December 2022. [Filing No. 117.]  Plaintiffs' motion seeks to compel Defendants to answer various requests for production, as well as sanctions.  Defendants oppose the motion and seek fees and expenses incurred in doing so.  [Filing No. 120.]  By the April 26 conference, the parties had narrowed their discovery dispute to one request for production.  The Court concludes this was a good faith dispute that the parties worked to resolve, and an award of sanctions or fees is not appropriate. Defendants' proposed revision to the discovery request, as set forth in the parties' joint submission to the Court [Filing No. 146], is an appropriate response to Plaintiffs' sole outstanding discovery request and proportional to the needs of the case.  Thus, Plaintiffs' motion to compel is denied, as well as Defendants' request for fees and costs.

**II.     Background**

On January 17, 2022, Plaintiffs served on Defendants Noblesville High School and Noblesville School District their second set of requests for production, which consisted of two separate requests. On April 6, 2022, Plaintiffs served a third set of requests for production, which consisted of 12 separate requests to both named Defendants. Plaintiffs claim that between August 2, 2022, and August 30, 2022, Defendants supplied piecemeal, inadequate, evasive, or incomplete answers to Request Nos. 4, 5, 7, and 9. [Filing No. 117, at ECF p. 3.]

Beginning in September, Plaintiffs followed up with Defendants regarding incomplete production. [Filing No. 117-3.] Defendants responded with what Plaintiffs categorize as piecemeal responses and large-scale objections. The parties conferred and narrowed their dispute, but were unable to resolve Request No. 9. The magistrate judge held informal discovery conferences on September 29, and October 25, 2022, and the parties made additional attempts to narrow their dispute. Ultimately, however, on December 5, 2022, Plaintiffs filed their motion to compel. [Filing No. 117.]

**III.    Discussion**

Plaintiffs seek an order compelling discovery pursuant to Fed. R. Civ. P. 37(a)(3)(B), and sanctions under Fed. R. Civ. P. 37(d)(1) for discovery abuse, bad faith, and impeding the discovery process. [Filing No. 117, at ECF p. 10.] Under Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling production if a party fails to answer an interrogatory submitted under Rule 33 or fails to allow inspection as requested under Rule 34. The burden is on the party resisting discovery to clarify or explain why its objectives are proper. *See, e.g., Chalimoniuk v. Interstate Brands Corp.*, No. IP01-0788-C-T/K, 2002 WL 1048826, at *1 (S.D. Ind. 2002).

Defendants argue that Plaintiffs' motion does not provide a clear explanation of what documents or information Plaintiffs are seeking to have compelled, but rather just contains generic assertions of failures by Defendants. [Filing No. 120, at ECF p. 2.] Defendants contend that the motion contains material misrepresentations, is not substantially justified, and should be denied. Defendants seek their fees and expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). Defendants further contend that Plaintiffs caused a delay from January to September by failing to provide search terms for the ESI discovery, which delayed Defendants' ability to respond to requests. Defendants note that Plaintiffs' request for 1,140 searches resulted in the production of more than 67,000 documents and 350,000 pages. Four attorneys and two staff members invested more than 413 hours in document production since the ESI search terms were provided in September 2022. [Filing No. 120, at ECF p. 8.] Thus, Defendants argue that they have not failed to respond to interrogatories and requests for production, but rather have adequately responded to 43 sets of written discovery, answered 190 interrogatories, and responded to 175 requests for production. [Filing No. 120, at ECF p. 21.]

As noted above, the only remaining issues (other than sanctions and attorneys' fees) relate to Request No. 9. Request No. 9 seeks "Documentation of any teacher, administrator, or staff discipline by Noblesville Schools for a violation of any policy having to do with social media, bullying, cyber bullying, harassment, and staff ethics within the last three (3) years." [Filing No. 146, at ECF p. 2.] In relation to this request, Plaintiffs believe they are entitled to all disciplinary records related to staff ethics within the last three years. The parties provided as exhibits [Filing No. 146-1; Filing No. 146-2] to their joint statement two Noblesville Schools policies, Policy #3210 and Policy #4210, related to staff ethics and discipline, which are attached to this order. Plaintiffs propose revising Request No. 9 to a request for discipline of staff members for

3

violations of Sections A, B, D, G, H, J, L, and M of these policies related to students' management or classroom management. [Filing No. 146, at ECF p. 3.]

In contrast, Defendants' proposed revision is for production of disciplinary records as follows:

1. Any teacher or staff member who was disciplined for conduct that interfered with a student's freedom of speech.
2. Any teacher or staff member who was disciplined for conduct that interfered with a student's right of association.
3. Any teacher or staff member who was disciplined for conduct that interfered with a student's right to due process.
4. Any teacher or staff member who was disciplined for conduct that was retaliation for a student exercising the student's freedom of speech.
5. Any teacher or staff member who was disciplined for conduct that was retaliation for a student exercising the student's right of association.
6. Any teacher or staff member who was disciplined for conduct that was retaliation for a student exercising the student's right to due process.

[Filing No. 146, at ECF p. 3.]

The question for the Court is which revision to Request No. 9 is proper. Federal Rules of Civil Procedure 26(b)(1) provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Neither side disputes the relevance of Plaintiffs' discovery request. The real issue is proportionality. "Proportionality, like other concepts requires a common sense and experiential assessment." *Freeman v. Ocwen Loan Servicing LLC*, No. 1:18-cv-3844-TWP-DLP, 2022 WL 1019243, at *4 (S.D. Ind. March 4, 2022), *objections overruled*, 2022 WL 999780 (S.D. Ind. Apr. 4, 2022). The Court has wide discretion in balancing the proportionality factors set forth in Rule 26(b) and deciding the appropriate scope of discovery. *See, e.g., E-Z Dock, Inc. v. Snap*

4

*Dock, LLC*, No. 1:21-cv-2761-TWP-KMB, 2023 WL 1416870, at *2 (S.D. Ind. Jan. 31, 2023) (noting wide discretion courts have in balancing these factors).

The Court finds the search as defined by Plaintiffs is not proportional to their needs. While only Defendants presently have access to the personnel files at issue, they have adequately set forth why they need to be able to conduct the search using specific categories of discipline. As Defendants pointed out during the April 26 conference, Plaintiffs' claims relate to the infringement of the free speech of a student, not an employee. Defendants represent to the Court that Plaintiffs' broad inquiry would require a human to individually review roughly 2,000 staff personnel files, many of which undoubtedly contain content completely unrelated to the issues at stake in this action. That burden and expense outweighs the likely benefit to Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1).

In contrast, using the search terms as Defendants have defined them will allow Defendants to search those files more efficiently. As noted above, Defendants have already produced more than 67,000 documents, containing over 350,000 pages, after four attorneys and two staff members invested more than 413 hours in document production since receiving the ESI search terms from Plaintiffs. Defendants responded to 43 sets of written discovery, answered 190 interrogatories, and responded to 175 requests for production. Defendants' request to narrow the search terms for this last remaining request for production is more than reasonable and in line with the efforts they already made in this matter. Although Plaintiffs raised concerns about Defendants' proposal leaving too much discretion in the hands of the individual conducting the search, utilizing the wording in the policy sections as Plaintiffs suggest would not address this concern any better than Defendants' proposal.

5

Thus, the Court finds Defendants' proposed revision to Request No. 9 properly narrows Plaintiffs' request.  Defendants' proposed revision likely will result in the production of a significant amount of additional, relevant documents.  This production might necessitate some additional, narrowly focused discovery.  If so, counsel can confer in good faith regarding what else might be needed.  And if the parties cannot resolve any lingering issues, they can always contact the Court again for further assistance.

Finally, by now it should be apparent that the Court finds the requests for sanctions and fees inappropriate.  This was a good faith discovery dispute that the parties attempted to resolve on their own as well as with Court assistance.  Defendants set forth the many steps they have taken to try and address Plaintiffs' concerns and the large volume of production they have made.  Defendants continue to indicate they are amenable to Plaintiffs' requests, with proper limitations.  And the parties ultimately worked together and managed to narrow the dispute by April 2023 to just one remaining request.  Thus, Plaintiffs' motion to compel [Filing No. 117] is denied, as well as Plaintiffs' request for sanctions and Defendants' request for fees and expenses.

### IV.  Conclusion

For these reasons, Plaintiffs' motion to compel [Filing No. 117] is denied.  Neither sanctions nor an award of fees is appropriate.  The search terms for Request for Production No. 9 are limited to Defendants' proposed revision to the request.

Date: 4/28/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email