UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| E. D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03075-SEB-TAB |
| | ) | |
| NOBLESVILLE SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is Plaintiffs' Motion to Alter or Amend Judgment [Dkt. 107], filed pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs seek reconsideration of the Court's *sua sponte* conversion of Defendants' motion to dismiss into a motion for summary judgment and entry of summary judgment in Defendant's favor on the following official capacity claims for failure to comply with the Indiana Tort Claims Act's ("ITCA") notice requirement: Counts VIII (Violation of School Policies Against Bullying); IX (Libel, Slander, and Defamation); XI (Intimidation and Bullying); XIII (Intentional Infliction of Emotional Distress ("IIED")); and XV (Privacy by Publication of Private Facts). Plaintiffs also seek reconsideration of the Court's dismissal of the following individual capacity claims because Plaintiffs failed to allege that Defendants acted outside the scope of their employment as is required to be personally liable under the ITCA: Counts X (Libel, Slander, and Defamation) and XII (Intimidation and Bullying). Defendants oppose Plaintiffs' motion.

For the reasons detailed below, we GRANT IN PART and DENY IN PART Plaintiffs' motion.

## I. Applicable Legal Standard

Plaintiffs have brought their motion under Rule 59(e), which "only applies when a party seeks the reconsideration of a ruling that was accompanied with a final judgment." *Freson v. Centerpoint Energy Inc.*, No. 3:19-cv-00075-MPB-RLY, 2020 WL 13574989, at *1 (S.D. Ind. Dec. 8, 2020). For an order disposing of less than all the claims or parties to be considered a "judgment," the court must expressly determine that there is no just reason for delay and enter final judgment as to those parties or claims. Fed. R. Civ. P. 54(b). Because the Court has not issued such an order here, we cannot consider Plaintiffs' motion under Rule 59(e).

We instead construe Plaintiffs' motion as a motion to reconsider. "Although technically, a [m]otion to [r]econsider does not exist under the Federal Rules of Civil Procedure, Rule 54(b) of the Federal Rules of Civil Procedure 'governs non-final orders and permits revision at any time prior to the entry of judgment ….'" *Quality Leasing Co. v. Int'l Metals LLC*, No. 1:18-cv-01969-TWP-TAB, 2021 WL 252719, at *2 (S.D. Ind. Jan. 26, 2021) (quoting *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012)). Rule 54(b) generally serves "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). Such motions "are appropriate where the court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of

apprehension." *Freson*, 2020 WL 13574989, at *1 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted).

## II. Official Capacity State Tort Claims

### A. ITCA Notice Requirement

We turn first to address Plaintiffs' argument seeking reconsideration of the Court's finding that Plaintiffs failed to comply with the ITCA's notice requirement. Under Indiana law, a tort claim "against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) … the Indiana political subdivision risk management commission … within one hundred eighty (180) days after the loss occurs." IND. CODE § 34-13-3-8. The government entity must approve or deny the claim within ninety days after the notice is filed. IND. CODE § 34-13-3-11. "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." IND. CODE § 34-13-3-13.

The issue of Plaintiffs' noncompliance with the ITCA's notice requirement was first raised in this case by Defendants in their motion to dismiss.[1] In response to

---

[1] Plaintiffs made no allegations regarding their compliance with the ITCA notice requirement in their pleadings, nor were they required to do so. *See Brown v. Alexander*, 876 N.E.2d 376, 383–84 (Ind. Ct. App. 2007) ("[W]hen a plaintiff fails to give the required notice [under the ITCA], the defendant has an affirmative defense of noncompliance, which must be raised in a responsive

Defendant's motion to dismiss, Plaintiffs provided the Court with a copy of a "Demand Letter" they had sent to Defendant(s) that outlined their concerns regarding potential First Amendment violations and sought immediate reinstatement of E.D.'s student club, arguing that they had "complied with the requirements of [the ITCA notice requirement] when they sent the Demand Letter to NHS [Noblesville High School] on November 12, 2021, because it put NHS on notice of Plaintiffs' claims." Dkt. 72-3 at 6. In support of their notice assertion, Plaintiffs also attached an email exchange setting out NHS's response to the Demand Letter. *Id.* at 5.

In addition to arguing that the Demand Letter satisfied the ITCA's notice requirement, Plaintiffs stated in their response to Defendant's motion to dismiss that "[t]o ensure compliance with the ITCA, [they] submitted a copy of the Complaint to the Indiana Political Subdivision Risk Management Commission Office on December 29, 2021 (less than one hundred and eighty days from the club revocation on September 3, 2021)." *Id.* at 7. Plaintiffs also attached a copy of a response letter from the Indiana Political Subdivision Risk Management Commission (the "IPSRMC Letter"), dated January 5, 2022, which states in relevant part that "[t]his letter shall serve as formal notice and acknowledgement of our receipt of the Notice of Tort Claim you recently filed against Noblesville School District et al." *Id.* at 44. The IPSRMC Letter also informed Plaintiffs that "Noblesville School District et al. is not a member(s) of the Indiana

---

pleading to the plaintiff's complaint."); *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) ("[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss.").

Political Subdivision Risk Management Commission Fund" and advised Plaintiffs to "file your claim directly with the Noblesville School District et al." *Id.* Finally, the IPSRMC Letter stated that "Indiana's Tort Claim Act requires service of Tort Claims on the Indiana Political Subdivision Risk Management Fund. … This notice shall serve as proof of your compliance with this requirement." *Id.* (emphasis added).

In their motion for reconsideration, Plaintiffs maintain that the Court patently misunderstood their argument regarding compliance with the ITCA notice requirement and manifestly erred by concluding that they had failed to provide Defendants the requisite notice of their state law tort claims under the ITCA before filing this lawsuit. To the extent Plaintiffs contend the Court erred in concluding that they had not argued strict compliance with the ITCA notice requirement but instead relied solely on substantial compliance, this contention is belied by the arguments Plaintiffs set forth in opposition to Defendants' motion to dismiss, when Plaintiffs argued that "strict compliance with the ITCA notice requirement is not mandatory" and that a notice is sufficient "[w]here a claimant's notice substantially complies with the content requirements" of the ITCA, "such that the purpose of the statute is satisfie[d]." *Id.* Plaintiffs clearly relied on substantial compliance caselaw in opposing Defendants' motion to dismiss, never asserting that they had strictly complied with the ITCA notice requirement by submitting a formal Notice of Tort Claim with Defendants and/or the Indiana Political Subdivision Risk Management Commission before filing suit nor did they attach any such document to their response. Accordingly, Plaintiffs have not

established that the Court "patently misunderstood" their argument in such a way that reconsideration on that basis is required or otherwise mandated.

Plaintiffs do not challenge the Court's conclusion that, because the Demand Letter contained no reference to Plaintiffs' intent to file any tort claim and failed to name any individual alleged to have been involved or describe any circumstances or conduct related to their tort claims, the Demand Letter did not substantially comply with the ITCA notice requirement. Rather, Plaintiffs contend that the Court erred by not considering the January 5, 2022 letter from the Indiana Political Subdivision Risk Management Commission (the "IPSRMC Letter"), which letter they claim "shows compliance was acknowledged by the relevant body concerning tort claims against Indiana political subdivisions" and "grants clearance by the relevant authority for Plaintiffs to file suit against Noblesville School District." Dkt. 110 at 2, 8.

We must point out, however, that this argument is being raised for the first time in Plaintiffs' motion for reconsideration. In their response in opposition to Defendants' motion to dismiss, Plaintiffs specifically stated that they were "offer[ing] *two exhibits to the Court to consider on the issue of compliance*. First a demand letter ("Demand Letter") Plaintiffs sent to McCaffrey on November 12, 2021 and forwarded to NHS' attorney. … Second, Defendants' response to the Demand Letter, denying Plaintiffs' claims and taking no further action, permitting additional damages to incur after they had been put on notice of a pending lawsuit." Dkt. 72-3 at 5 (emphasis added). Although Plaintiffs also stated in their response to Defendant's motion to dismiss that to "ensure compliance" they had submitted their complaint to the Indiana Political Management

Commission, under Indiana law "the filing of a complaint is not sufficient notice under the provisions of the ITCA," *Escobedo v. City of Fort Wayne*, No. 1:05-CV-424-TS, 2008 WL 1971405, at *45 (N.D. Ind. May 5, 2008), and, in any event, Plaintiffs never argued that the IPSRMC Letter itself demonstrated either strict or substantial compliance with the ITCA notice requirement and/or that the letter served to cure any deficiencies the Court might find in the Demand Letter. It is well-established that a motion for reconsideration is not a proper vehicle for "arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Even if Plaintiffs had properly developed such an argument in response to Defendant's motion to dismiss, it is a nonstarter. The IPSRMC Letter acknowledges the Commission's receipt of a notice of tort claim[2] and explains that the ITCA requires that notice be given to the Indiana Political Subdivision Risk Management Commission and that "this letter serves as proof of compliance with *this* requirement." Dkt. 72-3 at 44. But the ITCA requires that notice *also* be given to the "governing body" of the "political subdivision" against whom a tort claim is being asserted, here, the governing body of the Noblesville School District. The IPSRMC Letter specifically states that "Noblesville

[2] As noted above, there is no reference in either side's briefing on the motion to dismiss to Plaintiffs at any point having filed a formal Notice of Tort Claim with either NHS or the Indiana Political Subdivision Risk Management Commission. Although the IPSRMC Letter references a "Notice of Tort Claim," no such document was submitted to the Court prior to Plaintiffs filing of their motion to alter or amend judgment. Accordingly, when the Court ruled on Defendants' motion to dismiss, it was not clear what document the Indiana Political Subdivision Risk Management Commission had referenced in its letter.

School District et al." is not a member of the Indiana Political Subdivision Risk Management Commission and that the Commission "can only suggest that you file your claim directly with the Noblesville School District et al[.]" *Id.*

Accordingly, at best, the IPSRMC Letter establishes that Plaintiffs were advised by the Commission to file their "claim" with Defendants, but the letter does not provide proof that Plaintiffs in fact did so. In this context, "claim" is not necessarily synonymous with "lawsuit," and we understand the IPSRMC Letter to be advising Plaintiffs to file a notice of their claim directly with Noblesville School District, not authorizing the filing of a lawsuit against Defendants or otherwise acknowledging that adequate notice was provided to Defendants' governing body. *See Brown v. Alexander*, 876 N.E.2d 376, 383 n.4 (Ind. Ct. App. 2007) ("While the ITCA sets forth the criteria for filing a claim against a political subdivision, the language of the statute makes clear that this can be a two-step process—the filing of a claim and, if denied, the filing of a lawsuit."). Nor have Plaintiffs cited any case law to support the contention that the Indiana Political Subdivision Risk Management Commission has the authority to authorize the filing of a lawsuit against a governmental entity regardless of the adequacy of the notice actually provided the governing body of that entity. For these reasons, the Court's failure to address the IPSRMC Letter does not justify reconsideration of our prior ruling as Plaintiffs have not shown that we committed a "manifest error of law or fact" in concluding that they had failed to establish they had complied with the ITCA notice requirement before filing this lawsuit.

**B. Conversion of Rule 12(b)(6) Motion to Rule 56 Motion Without Notice**

We turn next to Plaintiffs' contention that the Court erred in its *sua sponte* conversion of Defendants' motion to dismiss to one for summary judgment regarding the ITCA notice issue. Typically, in ruling on a motion to dismiss under Rule 12(b)(6), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Because Plaintiffs had submitted exhibits outside the pleadings on the issue of ITCA notice in response to Defendant's motion to dismiss and had successfully opposed Defendants' motion to strike those exhibits, we felt justified in converting *sua sponte* Defendant's motion to dismiss to one for summary judgment as to the issue of ITCA notice compliance. We found that, although notice is usually required before converting a motion to dismiss to one for summary judgment, such notice was not required under the circumstances before us because each party had had "a reasonable opportunity to present all the material that is pertinent to the motion" and to respond to the other's evidence and argument.

We are not persuaded by Plaintiffs' contention that we manifestly erred in converting Defendants' motion to dismiss to one for summary judgment. It is undisputed that Plaintiffs had no obligation to plead around Defendants' lack of notice affirmative defense. However, in opposing Defendants' motion to dismiss, instead of focusing their response, Plaintiffs attached exhibits outside the pleadings—namely, the Demand Letter, Defendants' email response, and the IPSMC Letter—that they argued affirmatively

established their substantial compliance with the ITCA notice requirement. It is true that under Seventh Circuit law, a plaintiff has "flexibility in opposing a Rule 12(b)(6) motion" and "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove," without converting the motion to dismiss to one for summary judgment. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations omitted). In this case, however, despite Plaintiffs' response to Defendants' motion to strike that those exhibits were intended to be used only for illustrative purposes, Plaintiffs explicitly relied on them in opposing Defendants' motion to dismiss, arguing that they were "sufficient to satisfy the notice requirements of the ITCA." Dkt. 72-3 at 6. Accordingly, Plaintiffs' use of these documents was not for illustrative purposes, but to affirmatively prove their compliance with the ITCA. Under these circumstances, it was not error for the Court to convert Defendants' motion to dismiss to one for summary judgment so that those exhibits outside the pleadings could be considered on the ITCA notice issue, as Plaintiffs themselves had requested.

That said, the Court now agrees with Plaintiffs that our conversion of the motion without first providing notice to the parties to allow them the opportunity to submit whatever additional materials they wished to have us consider on summary judgment was improvident. A district court typically "must give notice to the parties *before* converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (internal quotation marks and citation omitted) (emphasis in original). We emphasize that Plaintiffs *never* suggested that they sought an opportunity to present any

additional material to establish compliance with the ITCA notice requirement or that any other evidence relevant to the issue even existed beyond what was attached to their response to Defendants' motion to dismiss. The Court thus reasonably believed that Plaintiffs had had a reasonable opportunity to present all the material(s) they deemed relevant to the ITCA notice issue. Even so, given Seventh Circuit precedent that permits in some cases consideration of materials outside the pleadings on a Rule 12(b)(6) motion when those materials are attached to a plaintiff's response, we cannot definitively say that in submitting exhibits outside the pleadings Plaintiffs should or would have necessarily known that the Court would consider that a basis for converting Defendants' motion to dismiss to one for summary judgment.

Accordingly, we turn to the issue of "whether the parties could have submitted specific controverted material factual issues … had they been given notice that the 12(b)(6) motion was to be treated as a motion for summary judgment." *Burick v. Edward Rose & Sons*, 18 F.3d 514, 516 (7th Cir. 1994) (citations omitted). "If no potential disputed material facts exist[] or are represented to exist," summary judgment will not be "disturb[ed]," even though notice of the intended conversion was not provided. *Id.* Summary judgment entered without notice is not appropriate, however, "where potential disputed material facts exist." *Id.*

In support of their motion for reconsideration, Plaintiffs have (finally) proffered a copy of a formal Notice of Tort Claim dated December 30, 2021 and have informed the Court that they included the Notice of Tort Claim as a "cover letter," which, along with their demand letter dated November 12, 2021, they sent to Defendants and the Indiana

Political Subdivision Risk Management Commission "on or around December 30, 2021." In response to the Court's request for clarification regarding whether Defendants acknowledge receiving the Notice of Tort Claim prior to the filing of Plaintiffs' Amended Complaint, the parties have submitted a joint notice stating that the Notice of Tort Claim was sent via U.S. mail to Noblesville School District, Noblesville High School, Superintendent Niedermeyer and Principal McCaffrey on December 30, 2021 and received on January 10, 2022, one day before Plaintiffs' Amended Complaint was filed in court.[3] Plaintiffs also emailed a courtesy copy of the Notice to Defendants' counsel on December 30, 2021, which email was received by counsel on that same date.

This document now raises a disputed issue regarding whether Plaintiffs complied with the ITCA notice requirement prior to filing their Amended Complaint. We thus conclude upon reconsideration that our failure to provide notice to the parties of our intent to treat Defendants' 12(b)(6) motion to dismiss as a motion for summary judgment with regard to the ITCA notice issue was error. Accordingly, the Court hereby officially notifies the parties of our intent to convert Defendants' motion to dismiss to a motion for summary judgment on the ITCA notice issue. The parties are ORDERED to disclose to each other and file within ten (10) days of this order any additional evidence that either may wish to have the Court consider on this issue. After any such materials are filed, Defendants shall have twenty-one (21) days within which to submit a supplemental brief

[3] Defendants acknowledge having received the Notice of Tort Claim, but that acknowledgement apparently does not resolve the issue of notice. It is our understanding that Defendants still dispute whether this document and its timing and the manner of its delivery substantially complied with the ITCA notice requirement.

in support of their motion for summary judgment and Plaintiffs shall have fourteen (14) days thereafter to respond.[4]

## III. Individual Capacity Tort Claims

Plaintiffs also seek reconsideration of our dismissal of two of their individual capacity state tort claims on grounds that Plaintiffs failed to adequately plead that Defendants were acting outside the scope of their employment when they engaged in the challenged conduct and thus are not subject to suit for their personal acts under Indiana law. Plaintiffs argue that, in dismissing their Libel, Slander, and Defamation claim (Count X) against Defendants Niedermeyer, McCaffrey, Mobley, Luna, Pasko, Rootes, Schwingendorf-Haley, Kizer, Patterson-Jackson, Tuesca, and Eads, and their Intimidation and Bullying claim (Count XII) against Defendants Niedermeyer, McCaffrey, Mobley, and Luna, we failed to notice the "nuance and specific pleading of the Amended Complaint." Dkt. 110 at 10. Plaintiffs contend that the Court manifestly erred by failing to recognize that they pleaded their official capacity and individual capacity tort claims in the alternative and thus improperly relied on allegations pleaded solely in support of the former in dismissing the latter.

---

[4] We have no idea why, after Defendants raised the issue of ITCA notice in their motion to dismiss, and Plaintiffs voluntarily submitted other documents outside the pleadings to prove compliance, neither side informed the Court that Plaintiffs had in fact submitted a formal Notice of Tort Claim to Defendants prior to their filing of the Amended Complaint nor did they provide a copy of that document for the Court's consideration in addressing the notice issue. The Court relies on the parties to submit the evidence and develop the arguments that they deem relevant to their claims and/or defenses. Litigants are not entitled simply to attach exhibits to their filings without explaining their legal significance or to present only some of the documents relevant to an issue and expect the Court to divine this purpose or relevance or an appropriate resolution. It is not hyperbole to say that we feel misled by the parties' lack of adversarial rigor and candor in getting this issue properly before the Court for a decision.

The single specific example supplied by Plaintiffs in support of their request for reconsideration is that, although they excluded paragraph 562 of their Amended Complaint from the factual allegations which they incorporated in Counts X and XII, the Court relied on that paragraph in holding that Plaintiffs were barred from suing Defendants personally for any tort claim based on their social media activity because paragraph 562 specifically alleges that "when the teachers posted to social media they were acting within the scope of their employment." Am. Compl. ¶ 562. Accordingly, we address only whether our dismissal of Plaintiffs' individual capacity tort claims based on Defendants' social media activity was reached in error.[5]

[5] To the extent Plaintiffs intended to challenge the Court's dismissal of Counts X and XII based on conduct other than Defendants' social media activity, they have failed to sufficiently develop any such argument or identify any manifest error of fact or law by the Court to justify reconsideration. Beyond the social media activity, Counts X and XII include allegations targeting Defendant Luna's conduct when he removed E.D. from class on September 14, 2021 and required her to meet with him to discuss her having allegedly violated a school policy against taking photographs in school; Defendant Mobley's failure to intervene when Luna acted in an allegedly intimidating fashion during that meeting, Defendants Niedermeyer's and McCaffrey's failure to reprimand Luna and Mobley for their conduct, and Defendant McCaffrey's having revealed allegedly defamatory information about E.D. in an email sent to all NHS parents and students in which he was responding to an editorial written by E.D.'s pastor criticizing the school for its discriminatory policies against E.D. and her student club.

Plaintiffs put forth no argument justifying reconsideration of our holding that such conduct, to wit, school employees meeting with a student to address a possible disciplinary issue and school administrators determining whether to discipline subordinates for the manner in which they addressed said disciplinary issue and communicating with parents and students regarding allegations against the school, are clearly acts within the scope of public school employees' and administrators' employment, notwithstanding Plaintiffs having alleged in the Amended Complaint that these acts were taken in Defendants' individual capacity and in violation of Indiana law. Because Plaintiffs' Amended Complaint does not contain a reasonable factual basis to support an allegation that these actions were taken outside the scope of employment, and Plaintiffs have put forward no other argument in support of reconsideration, reconsideration of our dismissal of Plaintiffs' claims based on these facts is not warranted.

Plaintiffs' Amended Complaint alleges that Defendants Pasko, Rootes, Schwingdendorf-Haley, Kizer, Patterson-Jackson, Tuesca, and Eads,[6] each a teacher or employee of the Noblesville School District, commented and/or added "liked" or "loved" as posts on social media in response to a post made on the Noblesville Community Schools Facebook page by a non-party that included a copy of an email that E.D. had sent to her City Councilman about her school club. We dismissed Plaintiffs' individual capacity tort claims based on these allegations, reasoning that Plaintiffs had explicitly alleged—in paragraph 562 of the Amended Complaint—that at all times Defendants were posting on social media, they were acting within the scope of their employment. Even assuming, as Plaintiffs assert on reconsideration, that that allegation should not have been considered because it was not specifically incorporated into Counts X and XII, to sue an employee individually under the ITCA, the complaint still must "contain a reasonable factual basis supporting the allegations" that Defendants' actions were clearly outside the scope of their employment or that their conduct was criminal, malicious, willful and wanton or calculated to benefit the employee personally to state a claim. *Silich v. Obermiller*, No. 2:23-CV-29-PPS/JEM, 2023 WL 3454914, at *6 (N.D. Ind. May 15, 2023) ("Here we consider a claim for which the applicable statute expressly requires that certain allegations be made in the complaint, which also 'must contain a reasonable factual basis supporting the allegations.'") (quoting IND. CODE § 34-12-3-5(c)).

[6] Plaintiffs did not allege that Defendants Luna, Mobley, McCaffrey, or Niedermeyer engaged in social media activity.

Other than alleging that these Defendants were acting in their "individual capacity" when they posted messages related to an incident involving NHS to social media because they did so "outside school hours," Plaintiffs rely on the same facts to support their individual and official capacity claims. The fact that Plaintiffs engaged in this allegedly actionable conduct after school hours, without more, is not sufficient to allege that the actions were taken outside the scope of their employment or any of the other enumerated statutory perquisites for suing an employee personally under the ITCA. Under these circumstances, given the particularity required by the statute, the allegations regarding Defendants' social media activity are insufficient to support tort claims against these Defendants in their individual capacity. Accordingly, the Court did not manifestly err in dismissing Plaintiffs' individual capacity tort claims and we deny further reconsideration of our order.[7]

## IV. Conclusion

For the reasons detailed above, Plaintiffs' motion for reconsideration [Dkt. 107] is GRANTED IN PART as to Plaintiffs' official capacity state tort claims and DENIED IN PART as to Plaintiffs' individual capacity state court claims.

The Court, having now notified the parties of our intent to convert Defendants' motion to dismiss to one for summary judgment on the ITCA notice issue hereby ORDERS the parties to file within ten (10) days of the date of this order any evidence that either may wish to have the Court consider in resolving this issue. After any such

[7] If there are other facts that might support a claim for personal liability, they have not been presented to the Court. Accordingly, we do not presume to pass on their legal sufficiency.

materials are filed, Defendants shall have twenty-one (21) days within which to submit a supplemental brief in support of their motion for summary judgment and Plaintiffs shall have fourteen (14) days thereafter to respond.

IT IS SO ORDERED.

Date: 9/28/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Laura Kathleen Buckner
Charitable Allies
kbuckner@charitableallies.org

Cassie Nichole Heeke
Church, Church, Hittle and Antrim
cheeke@cchalaw.com

Zachary S. Kester
Charitable Allies, Inc.
zkester@charitableallies.org

Spencer Eastman Rehn
Charitable Allies
srehn@charitableallies.org

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com